NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit
Chicago, Illinois 60604**

Submitted January 23, 2013
Decided January 30, 2013

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 12-1866

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | No. 1:11CR00025-001 |
| NICOLAS ANDRADE-ALCOCER, *Defendant-Appellant.* | Tanya Walton Pratt *Judge.* |

**O R D E R**

Nicolas Andrade-Alcocer pleaded guilty to conspiring to distribute methamphetamines. 21 U.S.C. §§ 846, 841(a)(1). In his plea agreement, he waived "his right to appeal his conviction and any sentence imposed on any ground, including the right to appeal conferred by 18 U.S.C. § 3724." At sentencing the district court calculated a guidelines range of 262 to 327 months' imprisonment—based on a total offense level of 29 and a criminal-history category of I—and sentenced him to 262 months.

Andrade-Alcocer filed a notice of appeal, but his appointed counsel believes that the appeal is frivolous and seeks to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). Andrade-Alcocer has told his attorney that he does not want to withdraw his guilty plea. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002). Andrade-Alcocer has filed a response, *see* CIR. R. 51(b), insisting that

the district court miscalculated his guideline range and his sentence is therefore excessive. We limit our review to the issues raised in counsel's facially adequate brief and Andrade-Alcocer's response. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

But Andrade-Alcocer's response ignores his attorney's concerns regarding the appeal waiver. Aside from limited exceptions that Andrade-Alcocer does not invoke, we cannot consider the issues raised in the response if they are issues that fall within the scope of his appeal waiver. *See United States v. Bownes*, 405 F.3d 634, 636 (7th Cir. 2005) (noting that appeal waivers do not prohibit sentencing challenges "based on constitutionally impermissible criteria, such as race . . . or a sentence in excess of the statutory maximum sentence for the defendant's crime"). The terms of the appeal waiver expressly forbid a challenge to the reasonableness of the sentence. Nor could Andrade-Alcocer now challenge the waiver by contesting the voluntariness of the plea agreement; he has already told his counsel that he does not wish to challenge the plea. *See United States v. Sakellarion*, 649 F.3d 634, 639 (7th Cir. 2011) (noting that appellate waiver stands or falls with plea agreement as a whole). In any event, a challenge founded on voluntariness would be frivolous: Andrade-Alcocer entered into the agreement after a plea colloquy that substantially complied with Federal Rule of Criminal Procedure 11. *See Konczak*, 683 F.3d at 349.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.